Minshall, J.
The defendant, Hutchinson, was arrested on the warrant of a magistrate charging him with a' violation of the pure food laws of the *574 state. The affidavit was founded on the 7th clause of paragraph “b” of section 3, of the act as amended April 22, 1890 (87 Laws, 248). It is charged that the defendant “did unlawfully sell to Willis Sells a package of a certain article of human food, to-wit, beer, which article, so sold as aforesaid, was then and there adulterated by having added thereto a quantity of a certain substance, to-wit, salicylic acid, which is injurious to the health. The said sale of said article as aforesaid was contrary to the statutes in such case made and provided.”
The magistrate charged the jury:
“The law in this state prohibits, as an ingredient of an article of human food, the use of any article that is poisonous or injurious to health. The law does not say that the particular quantity of such alleged injurious substance as may be found present in the one particular sample or quantity of food must be found' to be injurious to health ; and the court is of the opinion that the legislature, in enacting this law, did not intend it to be so understood. The purpose and intention of the law is to prohibit the use of any substance in human foods, whenever the indiscriminate or continuous use of such substance in the food, in any quantity, would result injuriously to health.
“If, therefore, you find from the evidence that the defendant, in the manner and form as charged in the affidavit, did sell beer to which was added salicylic acid, and you further find that salicylic acid is a substance, the continuous or indiscriminate use of which in foods would result injuriously to health, then I charge you that the sale-of such an article of food so adulterated is in violation of law, and you should find the defendant guilty.”
*575 The defendant was convicted, and on error to the common pleas the court held that the charge was erroneous,, reversed the judgment and remanded the cause to the magistrate for further proceedings. To this ruling the prosecuting attorney took a bill of exceptions; and the ease is here for the decision of this court on the ruling so made.
Section 3 of the act contains this provision: “Provided, that the provisions of this act shall not apply to mixtures or compounds recognized as ordinary articles or ingredients of articles of food, if each and every package sold or offered for sale be distinctly labeled as mixtures or compounds with the name and per cent, of each ingredient therein, and are not injurious to health.”
It is claimed by the defendant that, in any event, the conviction was properly reversed, because the affidavit did not negatively aver that the beer so sold is an ordinary article of food, and that each package sold was distinctly labeled as a mixture or compound with the name and per cent, of each ingredient therein, and is not injurious to health. On examination it will be found, that the proviso in the statute, on which this argument is based, applies to the whole act, and is not made descriptive of any particular offense made punishable by it. It was not, therefore, necessary that the affidavit should have contained the negative averments as claimed by the defendant.
Becker v. The State, 8 Ohio St., 392; Stanglein v. State, 17 Ohio St., 461; Billigheimer v. State, 32 Ohio St., 435; Hirn v. State, 1 Ohio St., 16. Such facts constitute a defense, and may be proved by the defendant under his plea of not guilty.
The question then arises, whether the magis *576 trate erred in the charge to the jury; We think he did ; but not in what he said, but in what he omitted to say. Under the charge given, the jury would have been required to convict, although it may have been shown that the beer sold was an article of food, and that each package was labeled a mixture or compound with the name and percent. of each ingredient therein, and not injurious to health. The bill of exceptions here does not contain the evidence that was before the magistrate, and was incorporated in the record reviewed by the common pleas ; nor does it purport to set out all of the charge of the magistrate to the jury; nor does it appear whether instructions were asked by the defendant and refused by him. It is entirely consistent with this record that (the magistrate may have been requested to qualify what he said, so that the defendant could avail himself of the provisions of the proviso, if the evidence warranted it. The presumption is that the common pleas did not err ; and we cannot say that it did, unless we know that, in the record before it, there was no evidence tending to show that the defendant was within the proviso of the statute, and so not guilty of the offense charged.
For this reason we cannot find that the common pleas erred. If, however, there was no evidence before the magistrate of the character just adverted to, the charge as given was unexceptionable. A sale of beer as food, containing salicylic acid, without a label on the package notifying the purchaser that it contains such an ingredient, is, when found to be poisonous or deleterious to health by its continuous or indiscriminate use as a food, an offense against the pure food laws of the *577 state under the definition of an adulteration contained in clause 7, paragraph “b,” section 3 of the statute above cited.

Exceptions overruled.